The last case is United States v. Patton. Good afternoon, and may it please the court, my name is Michael Thompson. I represent the appellant, Tyran Patton, in this matter. Mr. Patton is appealing the sentence he received at the district court after he was denied a sentencing reduction for substantial assistance to the government. Mr. Patton believes that that motion for a reduction was unfairly denied by the government and that the district court should have compelled them to make that motion or at least probed further into their reasons for failing to do so than they did. This argument was brought before the district court. The district court indicated that it didn't believe that it actually had the authority to take any further action to either compel the government or to inquire into their motivations for refusing to ask for a sentencing reduction. The district court indicated that it believed Mr. Patton had cooperated with the government, had provided substantial assistance. Didn't the court also indicate that even if it did have the power, it would not take that action? It did, but that was after or that was at least along with its decision not to press the government further into explaining its motivations. Is there any claim of unconstitutional motive here? No, other than that it's not linked to a legitimate government interest, but no discriminatory basis or anything like that, Your Honor, is alleged. Mr. Patton's position is that the motion was withheld purely essentially out of spite because Mr. Patton didn't give them the information that they hoped he would. Was it correct that the defendant was out of contact with the government for about six months? I don't know the exact time period, but yes, approximately that length of time. His wife turned off the cell phone. And that was after he was told he was needed for the grand jury? I believe he was told he would be needed for the grand jury. I don't think he was given a specific date, you need to come in in two weeks or on March 13th or anything like that, Your Honor. He was said, your testimony will be required. You will be charged eventually with a crime. Following that time, he underwent a surgery. During his convalescence, his cell phone was turned off. At that point, he didn't contact the government. He didn't take any other steps to initiate that contact, but neither did they come to him. He was recovering at his mother's house. After some time passed, he did recover. Eventually, not right away, but eventually he did remake contact with the government. At that point, no further steps were taken to, I guess, resume the cooperation. He was eventually charged. He did not enter into a cooperation agreement formally after his charge, but he did plead guilty after failing to reach an agreed plea agreement with the government. The cooperative efforts he had already undertaken were used to successfully prosecute multiple people and get convictions on charges for which he conducted undercover buys, firearms were removed from the streets, and all of that was possible because of the steps he took in an effort to cooperate with the government, in an effort to assist them. And while the government wanted to get people that were people they viewed as higher up on the food chain, I suppose, of the criminal undertakings, for whatever reason— It was involved in pretty large-scale dealing, right? Yeah. The deals that Mr. Patton arranged for the government totaled approximately 60 firearms. I meant the drug trafficking. The drug trafficking also, yes, were fairly—I don't remember the exact quantities that were found, but it wasn't a small time. The cooperation was mostly focused on the firearms. Mr. Patton was also indicted in a separate firearm case. They were sort of linked together. It wasn't that one of them came after his cooperation or anything like that. The reasons cited by the government were, one, the lack of contact. This is cited for denying the motion for substantial assistance. One, the lack of contact after Mr. Patton stopped communicating with them, and two, the fact that he supposedly intentionally withheld the higher criminal parties from, I guess, from detection by the government by failing to record conversations with them when he arranged the deals or by failing to disclose information that they thought he had about them. And if that happened, there's no evidence that it would have been intentional on Mr. Patton's part. He's not out there—when someone cooperates with the government, they're given specific instructions on what to do. If he was told to set up a deal and he did so, then there's nothing he's doing to hide anything. It's not that he was told to make a recorded call and then he just didn't do it. He just wasn't given sufficient instructions to satisfy what the government thought they wanted, and that's not a reason to say he wasn't fully cooperative. Certainly, he could have taken more steps after his surgery to try to reenter contact with the government. He didn't do that, but that isn't evidence that he intended to not fully cooperate. Mr. Patton knew all along that his eventual testimony might be required. If he was never going to testify against anybody, he would never have started cooperating. What's our standard of review here, do you think? It depends, Your Honor, because in part the court failed to recognize its authority to even enter into an examination of this question, and I think that counts as a mistake of law, which would be a mistake of law is always an error. I would say it's hard to review the court's ultimate decision for an abuse of discretion because the decision wasn't based on a complete review on the part of the district court, so it wasn't even really an exercise of discretion. So I think the factual determination would be reviewed for plain error, except that it was based on a mistake of law, which is de novo. And if there are no further questions, I'll reserve my time for rebuttal. Thank you, counsel. Your Honors, while the court didn't cite Wade v. United States, which is a Supreme Court case, as Your Honors know, establishing the power of a district court to review the government's decision whether to file a motion for a sentencing reduction based on cooperation, the court was absolutely correct in finding that it didn't have authority to do so in this case because the reality is under Wade and under how the court analyzed this, it didn't have authority unless a defendant not only makes the allegation but carries his substantial burden, makes a substantial showing that the government motive was either unconstitutionally based or was not related to any legitimate government end. And that was never even alleged at sentencing. There was no allegation the government was acting unconstitutionally. There was no allegation that it wasn't acting to forward a legitimate end. That was raised for the first time on appeal. Before the district court, the argument was solely this defendant has cooperated. The government, therefore, must make some kind of motion here. It got guns off the street and it made these cases. And under that allegation, the district court was absolutely and completely correct in saying it did not have authority under Wade v. United States. Again, not cited by the court, but the court didn't have authority to inquire any further. And the court was correct in saying to inquire any further would require me to have the court come in here and explain how it was doing this weighing of his cooperation versus his culpability. And that's precisely what a court is not allowed to do under the Supreme Court's decisions. What a court is allowed to do under Wade v. United States and the decisions of this court is when a defendant makes a substantial threshold showing, which has to be something beyond saying this defendant cooperated or this defendant made so many cases. They need to come in and say the government was motivated by this unconstitutional basis or the reasons the government is giving you now are pretext and make a showing that it's pretext because it's not really related to any legitimate end. And the first time pretext was ever raised or this idea that it's not a legitimate end was in its brief on appeal. Before the district court, that was never raised. So any suggestion that the district court was mistaken as a matter of law is simply incorrect. The court was absolutely correct in the way it approached this issue. And as a legal matter, the court said, I am going to consider and did consider the defendant's cooperation in what sentence to impose and, in fact, imposed a substantially below guideline sentence upon the defendant. His guideline range, because he was a career offender, was 262 to 327 months. The court imposed a sentence of 244 months, just slightly above the mandatory minimum. And the court said, I'm taking into consideration his cooperation, and that the government agreed the court was allowed to do. It's a very different question to say that the court was required to compel the government or to make further inquiry into the government's basis, especially when the government proffered reasons and the record supported reasons that fully showed the government's rationale was based on a legitimate government end. Specifically, to punish this very culpable defendant, who was a long-time narcotic trafficker with prior convictions, federal convictions for narcotics trafficking and aiding a legal enterprise and such, and a firearms, you know, and several, not several, but firearm convictions, and faced a career offender guideline and a mandatory minimum on account of that. In the case involved here, he was involved with the source in Mexico distributing drugs, dealing directly with the source there in terms of obtaining the drugs. And the quantities involved, Your Honors, were 20 kilograms, just in this limited period of time when he was examined, over, no, 20 kilograms of cocaine was substantiated by records obtained during searches and other investigative wiretaps conducted during the investigation, as well as 3 kilograms of heroin. Just in one deal, when they stopped his courier, he had 8 kilograms of cocaine and 3 kilograms of heroin. So this was a substantial drug dealer, and then on the other hand of it, he was only providing information of people lower to him on the firearm trafficking scale, in particular at page, at the sentencing transcript record, page 45. His counsel conceded that. Cooperating witnesses come in, and he gives you the information he wants to give you. If he has other information and he doesn't give it, that's not some terrible criminal act. That was the defense position at sentencing. Basically, he doesn't have to give you any more. Well, that wasn't the government's position in terms of weighing this culpable defendant versus what cooperation he was providing. And especially with someone as culpable as this defendant, the government expects full cooperation, not just giving people lower down on the food chain and protecting those senior to you or your friends and relatives, as was the government's proffer and was not contested at sentencing. Moreover, this defendant did drop out of sight, and again the proffer by the government not contested at sentencing, was that the officers had tried to find him and had looked for him at the numbers and addresses he had. But even if, even if it was totally true and he was ill and he just for whatever reason didn't get in touch, the fact remains he didn't provide full cover operation, even as to those as to whom he had helped build cases, because he wasn't there to testify at their trials and he wasn't there to proceed before the grand jury. So unless the court has any other questions, the government would submit that the record is ample to show that the government, that the defendant did not meet his burden of establishing by strong evidence, by a threshold, substantial threshold, showing that the government acted for anything other than very appropriate reasons and that the sentencing imposed by the district court should be confirmed. Thank you. Your Honor, as far as the substantial preliminary showing is concerned, counsel for Mr. Patton specifically asked the district court at sentencing if there was any other information he could provide to help the court in its determination. And the district court told him, no, there's nothing else you can say. I don't have enough information about the government's thought process on their motivations. So at least as far as the district court was concerned, the burden at that point wasn't on Mr. Patton. But it didn't believe that it, meaning the district court, had the power to compel the government to divulge any further information. That, of course, is Mr. Patton's argument as to where the error lied here. The court should have compelled the government to explain further, to provide more information. And it was during this same discussion at the district court when the government counsel indicated that Mr. Patton's failure to provide these higher value targets embarrassed them. And it's there that Mr. Patton bases his argument on this illegitimate interest being the motivation for the denial of the motion. The government counsel probably didn't mean it to slip out that way, but it did. And I think that provided the court ample evidence on which it could have concluded that further inquiry was warranted and that the reasoning behind the denial of the motion was not legitimate. And as far as Mr. Patton's history, criminal history, and the significance of his drug dealing is concerned, that's not a reason to deny him a motion for substantial assistance. The government knew all those facts when they started cooperating with him. He was always a substantial drug dealer. He would have been regardless of whether he cooperated. So a drug dealer with Mr. Patton's background who cooperates gets a motion in most cases for substantial assistance for a sentencing reduction. He didn't in this case. Is that true when there's no plea agreement? Usually there would be a plea agreement, Your Honor. That is absolutely true, although it's rare, but it does happen that a motion is entered without a plea agreement. There was not a plea agreement in this case, in part because of the breakdown between Mr. Patton and the government due to his lapse in communication. But that doesn't mean he wasn't entitled to the motion, Your Honor. That's not dispositive. Unless there are any further questions, I'll ask that it be remanded for further proceedings. Thank you. Thank you, both counsel. The case is taken under advisement and the court will be in recess. Merry Christmas. Merry Christmas.